# REPORTS OF CASES

DETERMINED IN

# THE SUPREME COURT, $\frac{28\ 479}{81\ 385}$

## OCTOBER TERM, 1865.

## C. E. GORHAM AND R. S. RAYMOND v. L. GILSON AND E. M. HAMPTON.

To COMPEL A RECONVEYANCE OF PROPERTY OBTAINED BY FRAUD.—If a corporation is induced by the fraudulent representations of a part of its stockholders to make a conveyance of its property, and the grantee, in pursuance of a previous arrangement, conveys the property to the stockholders who committed the fraud, the innocent stockholders cannot maintain an action in equity to compel a conveyance to them of such portion of the property as they owned of the stock of the corporation.

Query ?—Could the innocent stockholders maintain an action against those committing the fraud for damages?

Query ?—Would equity compel a reconveyance of the property to the corporation in an action in the name of the corporation, or if the corporation refused to act in an action commenced in the name of the innocent stockholders in which the corporation was made a party defendant?

How EQUITY WILL RELIEVE AGAINST FRAUD.—If the title to property has been acquired through fraud, equity will grant relief by undoing what has been done, and placing the title where it was before.

APPEAL from the District Court, Fifth Judicial District, Tuolumne County.

The facts are stated in the opinion of the Court.

*John T. Doyle,* and *Robert F. Morrison,* for Appellants.

If a bill in equity had been filed by the corporation, alleging the fraud, and praying to have the deed set aside, it would necessarily have sought to avoid the transaction *in toto,* and to do this should of like necessity offer to pay the Kryster mortgage, principal, interest, and costs, in full, or to restore his judgment for the deficiency, and his lien on the property (with the right to mesne profits pending redemption) acquired under Sheriff's sale. The property, when conveyed back under a decree made on such a bill, would belong to the corporation, and constitute the fund from which to pay its corporate debts, and distribute any suplus to its stockholders. Such a bill should of necessity have charged that Kryster was privy to the fraudulent representations, else the transfer to him could not have been set aside.

If the corporation brought an action for deceit, the measure of damages would be the difference between the value of the property and what the company obtained for it; and this sum when recovered would also be a fund, first for the payment of its creditors, and thereafter for distribution among its stockholders.

These propositions we deem clear on elementary principles. But neither of these remedies has been sought by the plaintiffs in the present instance. They have filed a bill in equity, alleging acts which they claim constitute a fraud upon the corporation, and *praying in effect to be admitted to a participation in the fruits of such fraud.* The property was corporate property; the consideration for which it was sold was received by the corporation; whatever loss was sustained by parting with it at less than its value was a loss to the corporation, and hence the damages or redress which the law awards for wrongfully procuring such result can only be awarded to the corporation. The rule is well settled that so long as a corporation exists it must be the plaintiff in an action to obtain redress for an injury to the corporate rights of property. The

only exception is that where the Trustees or Directors dishon-
estly, unfaithfully, or by collusion with the other party, refuse
to do their duty to the stockholders by bringing a suit.   There,
to prevent a failure of justice, an individual corporator is per-
mitted to sue, not for the benefit of himself alone, but for
that of the corporation.   (*Hersey* v. *Veasie*, 11 Shepley, 12;
*Smith* v. *Hurd*, 12 Metc. 385; *Abbott* v. *Merriam*, 8 Cush.
589; *Foss* v. *Harbottle*, 2 Hare, 494; *Robinson* v. *Smith*, 3
Paige, 232.)   So that in the present case, after the defendants
shall have satisfied the present judgment against them, they
will, on precisely similar allegations to those contained in the
complaint, be liable to respond to the corporation for the whole
of the property acquired by the transaction here complained
of as fraudulent.   (See *Smith* v. *Hurd et al.* 12 Metc. 371;
*Painter* v. *Henderson*, 7 Barr. 50.)

*H. P. Barber*, for Respondents.

If two of these by fraud induced the remaining two to assent
to a conveyance of their interest, and afterwards, through
such fraud, obtained possession of the entire corporate prop-
erty, holding it as individuals, equity will treat them as *trus-
tees* for the benefit of their co-corporators thus defrauded to
the extent of the interest of the latter in the former corporate
property thus fraudulently obtained.   (Barbour on Parties,
201; *Putnam* v. *Sweet*, 1 Chand. Wis. 286; *Silk Co.* v. *Camp-
bell*, 3 Duch. N. J. 539; *Sears* v. *Hotchkiss*, 26 Conn. 171;
*Dennis* v. *Kennedy*, 19 Barb. 518; Tiffaney & Bullen on
Trusts, 169.)

Plaintiffs are not seeking to *set aside* the sale of this prop-
erty by the corporation, and possibly could not, for the reason
suggested by appellants, that Kryster is an innocent purchaser
for value.   But although a Court of equity might not have
power in such case to vacate the sale, it has ample power to
compel the fraudulent parties to make restitution by suffering
the sale to stand, and allotting to those who possessed an

61

equitable interest in the property, the quantum of such interest so fraudulently obtained from them.

The complaint alleges that at the time of the execution of the Kryster mortgage, " plaintiffs and defendants were the *sole owners, in equal proportions,* of the entire *stock and property* of said corporation.

In *Bayless* v. *Orne,* Freeman's Chy. R. 161, and *Robinson* v. *Smith,* 3 Paige, 233, the stockholders of a corporation are designated as the *real* parties in interest.

By the Court, SANDERSON, C. J.

The complaint in this case alleges in substance: That a corporation called the Gilson Quartz Mining Company was duly formed in 1858, which subsequently, in 1861, became indebted to one John Kryster, and to secure the payment of the debt, mortgaged to him its entire corporate property, consisting of a certain quartz vein and quartz mill situated thereon. That subsequently, in 1862, the corporation being unable to pay, Kryster foreclosed, and became the purchaser at the sale at a price less than the amount of his judgment by some three or four hundred dollars. That in consequence of certain false and fraudulent representations as to the condition and value of the corporate property made by defendants, plaintiffs were induced to assent to a sale and conveyance by the corporation of its equity of redemption to Kryster, in consideration of a release of his entire claim. That at the date of the mortgage and deed by the corporation to Kryster, the plaintiffs and defendants were the only stockholders, and each owned a fourth of the stock of the corporation. That after Kryster became vested with the title, the defendants purchased the corporate property from him in pursuance of a previous understanding with him to that effect, but it is not pretended that Kryster was a party to the alleged fraud. That the defendants took possession of the mine and mill under the title thus obtained, and worked the same, making therefrom large profits. Plaintiffs ask a decree directing defendants to convey one half

of the mine and mill to them upon the payment by them to the defendants of one half of the sum paid by them to Kryster for the property, and requiring the defendants to account with and pay over to the plaintiffs one half of the profits.

No demurrer to the complaint was interposed, but an answer was filed putting in issue all the material allegations of the complaint so far as the *gravamen* of the action is concerned. The case was tried, and plaintiffs obtained the relief for which they prayed. A motion for a new trial was made and denied, and the defendants have appealed from both the judgment and the order.

Several points have been made which we shall not notice, because in our judgment the first, which is to the effect that the plaintiffs cannot maintain this action, is conclusive of the case.

This action proceeds upon the theory, (and it could be maintained upon no other,) that in equity the defendants, by reason of their fraudulent acts, have become the trustees of the plaintiffs to the extent of an undivided half interest in the property in question, holding and working the same for their use and benefit. But we think it clear that the facts set out in the complaint do not sustain that theory. Where, by fraud and deceit a party is induced to do that which, but for the fraud and deceit, he would not have done, equity will interfere, and, so far as it can be done, restore him to his original rights. If the defrauding party has obtained by such means the title to property, equity will convert him into a trustee for the defrauded party, and will compel the execution of the trust by ordering the deed so obtained to be cancelled or the property reconveyed, thus placing the property and the parties where they were originally; thus undoing what has been done, and putting the title where it was before, or, in other words, adjudging that the title remains unchanged and unaffected by the conveyance, because the same is in equity null and void, by reason of the fraud and deceit by which it was obtained.

Such relief, however, the plaintiffs are not in a position to

claim. They never had any title, legal or equitable, to the property in question. They have not only not conveyed anything to the defendants, but they had nothing to convey. The property belonged to the corporation and not to them, and the corporation and not they conveyed it away under the fraudulent inducements in question. So far as any right to the form of relief sought in this action is concerned, the fraud was committed against the corporation and not against them. It may be that they could maintain an action sounding in damages, but we think it clear that they are not entitled to the kind of relief which they are now seeking. That they can only obtain indirectly through the action of the corporation. Should the corporation refuse to act, however, it is possible that the plaintiffs might maintain an action for the relief in question, by alleging that fact and making the corporation a party defendant, in which case the Court (the requisite parties being before it) might direct an account and transfer of the property to the corporation for the benefit of all concerned. But upon this point we express no opinion. (*Hervey* v. *Veasie*, 24 Maine, 9; *Smith* v. *Hurd*, 12 Metcalf, 385; *Abbott* v. *Meriam*, 8 Cush. 589; *Robinson* v. *Smith*, 3 Paige, 232.)

The judgment is reversed and the Court below directed to dismiss the action.